GEORGE W. MILLER, trustee, complainant and respondent,

v.

EDWARD S. SAVAGE, receiver, defendant and appellant.

[Filed March 4th, 1901.]

*After a corporation has been adjudged insolvent and a receiver appointed to wind up its affairs, a mortgage given by the corporation, while insolvent, to prefer some of its existing general creditors, which, through a mistake of the draughtsman, conveyed a life estate in its real property, ought not to be reformed by a court of equity so as to embrace the fee, when it appears that the mortgagees did not act to their detriment on the supposition that the mortgage conveyed the fee.*

On appeal from a decree advised by Vice-Chancellor Reed, whose opinion is reported in *Miller* v. *Savage, 15 Dick. Ch. Rep. 204.*

*Mr. John Griffin,* for the appellant.

*Messrs. Wall & Green,* for the respondent.

The opinion of the court was delivered by

DIXON, J.

On January 18th, 1895, the Johnson Railroad Signal Company, a domestic corporation, executed a mortgage of its real and personal property to George W. Miller, in trust to secure the payment of certain debts previously contracted by the company. At that time the company was known to be insolvent, and on January 30th, 1895, a bill in chancery was filed, on which its insolvency was adjudged and a receiver appointed to wind up its affairs under the statute.

The mortgage was made to Miller and "his successor in the trust," and thus, by failing to use the word "heirs" in defining

the estate granted, it did not convey a fee-simple in the real property. *Wheeler* v. *Kirtland. 9 C. E. Gr. 552.*

The object of the present suit is to have the mortgage so reformed that it shall embrace the fee. Thus extended, it would absorb all the assets of the corporation and leave many creditors unpaid.

Assuming that it appears to have been the intention of the parties to encumber the fee, we nevertheless think that the aid of a court of equity ought not to be granted under the circumstances of this case.

The equitable rule for distributing the assets of an insolvent corporation among its creditors, when the assets are insufficient to satisfy all demands, is to apportion the assets *pro rata* among all the creditors, upon the principle that equality is equity. *1 Pom. Eq.* § *410.* Our statute is to the same effect. This rule of course yields to legal rights and substantial equities inconsistent with it, but still it possesses in itself a force that should not be lightly disregarded. The mere intention of an insolvent debtor to give a preference to some of his creditors, when they have not thereupon acted to their detriment, should not induce a court of equity to depart from the rule. Nothing beyond that intention appears in the present case.

While it is true in a general sense that the property of an insolvent debtor passes to a statutory receiver subject to all legal and equitable liens then existing against it, yet this doctrine does not require the receiver to give effect to an unexecuted purpose then resting in the mind of the debtor to create a lien, which, if created, would have no other legal or equitable basis than the executed design.

The decisions relied on to support this claim for reformation are cases where the parties had changed their attitude to their disadvantage, in the supposition that the instrument was such as they sought to have it made, and consequently an equity arose to be saved from loss through the error. The more apposite cases are against the claim. Thus in *Wheeler* v. *Kirtland, 9 C. E. Gr. 552,* this court held that "an equitable mortgage for a precedent debt has no equity superior to that of a valid subsequent judgment at law," and in *Graham Button Manufacturing Co.* v.

*Spielmann,5 Dick. Ch. Rep. 120, 126,* Vice-Chancellor Van Fleet said that "after the property of a debtor passes into the custody of the law pursuant to [our] statute, the right of his creditors to have his property converted into money and the money applied in discharge of his debts, is, in all essential respects, precisely the same as that of a judgment creditor after levy under execution." As a reason for the decision there rendered, this declaration of the vice-chancellor was approved by this court (*S. C., 5 Dick. Ch. Rep. 796*), and although not then applied in a case exactly like the present, it is applicable with at least equal force to the facts now under review. Indeed we think that the complainant and those whom he represents have no claim so strong in equity as that of the general creditors who seek a proportionate distribution of the assets.

The decree to reform the mortgage should be reversed and the bill dismissed.

*For reversal*—The Chief-Justice, Van Syckel, Dixon, Fort, Garretson, Hendrickson, Bogert, Krueger, Adams, Vredenburgh, Voorhees—11.

*For affirmance*—None.